McGinnity *v.* Laguerenne *et al.*

---

Hugh W. McGinnity, appellant, *v.* Peter L. Laguerenne *et al.*, appellees.

### *Appeal from Peoria.*

In an action of *debt*, it was alleged in one count of the declaration, that the defendant, at &c., "by his promissory note of that date by him made, for value received, four months after the date of said note *promised* the said plaintiffs to pay them or their order without defalcation the sum of four hundred and ten dollars," and the count concluded with the usual refusal and request to pay: *Held*, that the count was sufficient, and not bad as a count in *debt*, the word "promised" not being used by way of averment, but as a description of the instrument sued on.

Another count in the same action alleged an indebtedness for money lent, goods sold, work done, &c., and concluded with an averment that the defendant "in consideration thereof *promised* the plaintiffs to pay them said last sum when thereunto requested," &c.: *Held*, that the conclusion made it a count in *assumpsit*, the word "promised" being used instead of "agreed."

The only distinguishing feature between the common counts in *assumpsit* and in *debt* is, that in the former action the word "promised" is used, and in the latter the word "agreed."

Debt, in the Peoria Circuit Court, brought by the appellees against the appellant, and heard at the May term, 1848,

before the Hon. John D. Caton, who found the issues for the plaintiffs below, and rendered a judgment accordingly for the sum of $518 debt, and $179·30 damages. The defendant entered a motion for a new trial, which was overruled.

*J. Manning*, *L. B. Knowlton* and *E. G. Sanger*, for the appellant.

In this case a count in *assumpsit* is misjoined with a count in *debt*, for which cause the motion in arrest of judgment should have been sustained by the Court below.

The general rule is, that when the same plea may be pleaded and the same judgment given on all the counts of the declaration, or wherever the causes of action are of the same nature and may properly be the subject of counts in the same species of action, they may be joined; otherwise, they cannot. 1 Chitty's Pl. 229; 1 Tidd's Pr. 11; *Hays* v. *Borders*, 1 Gilm. 50.

In this case, if judgment had been rendered on the count in *assumpsit* in damages, (the proper form,) the judgment would have been arrested. *Heyl* v. *Stapp*, 3 Scam. 96; *Mager* v. *Hutchinson*, 2 Gilm. 270; *Howell* v. *Barrett*, 3 do. 434; *Jackson* v. *Haskell*, 2 Scam. 565. So that neither could the same plea be pleaded to the different counts, nor could the same judgment be rendered upon them; nor do they set forth different causes of action, in the same species of action.

A count stating that the defendant was indebted to the plaintiff for work and labor, and being indebted he *promised* to pay, &c., is not a good count in *debt*, and cannot be joined with counts in *debt*. 1 Bouv. Bac. Abr. 71, title, *Actions in General*, (C.); *Brill* v. *Neele*, 5 Eng. Com. Law R. 264.

The case of *Brill* v. *Neele*, as reported by Chitty, 18 Eng. Com. Law R. .180, is precisely similar to the present, where for the misjoinder of *assumpsit* and *debt*, the declaration was held bad.

And this defect is not cured by the verdict. *Cooper* v. *Bissell*, 16 Johns. 146; *Selby* v. *Hutchinson*, 4 Gilm. 327;

*Corbett* v. *Packington*, 13 Eng. Com. Law R. 170; *Tarrells* v. *Page*, 3 Hen. & Munf. 118.

*O. Peters*, for the appellees.

The Opinion of the Court was delivered by

TRUMBULL, J.   This was an action of *debt*, commenced by the appellees against the appellant upon a promissory note and an account.   The declaration contains two counts, the first of which is special upon the note, and the second, the common money counts for goods sold, work done, &c., all in one count.   After the issues were found for the appellees in the Court below, the appellant entered a motion in arrest of judgment, which motion was overruled and judgment entered in favor of appellees for five hundred and eighteen dollars debt, and one hundred and seventy nine dollars and thirty cents damages.

Several errors have been assigned, only one of which, the overruling the motion in arrest of judgment, we deem it necessary to notice, as that is decisive of the case.   The declaration commences in *debt*, and the first count sets forth that the appellant on a certain day and year, at, &c., "by his promissory note of that date, by him made, for value received, four months after the date of said note, promised the said plaintiffs to pay them or their order without defalcation, the sum of four hundred and ten dollars," and concludes with a request and refusal to pay.   This count is sufficient.   It sets forth the legal effect of the note sued upon, and the liability to pay arises from the character of the instrument; hence the usual allegation, "whereby the said defendant then and there became liable to pay," &c. was wholly unnecessary.   Nor is the count bad as a count in *debt*. The word *promised* is not used by way of averment to show the liability of the party to pay, but as descriptive of the instrument sued upon.

The second count, however, is of a different character. That is not a special count upon a *contract* which of itself creates a debt and raises a liability to pay, but the general *in-*

*debitatus* count upon the implied promises of the appellant, and after setting forth that the appellant was indebted to the appellees in a certain sum of money, for money lent, goods sold, work done, &c., it concludes by averring that the appellant "in consideration thereof, *promised* the plaintiffs to pay them said last sum when thereunto requested," &c. This conclusion makes the second a count in *assumpsit* and not in debt. Had the pleader intended it for a count in *debt*, he should have used the word *agreed* instead of the word "*promised*," or have stated the liability, so as to have avoided the use of the latter word. This case comes directly within the decision made at this term in the case of *Cruikshank* v. *Brown*, (*ante*, 75) and because of the misjoinder of counts in *debt* and *assumpsit* the judgment will have to be reversed. So long as the distinction between forms of action is kept up, parties must observe those distinctions or abide the consequences.

The only distinguishing feature between the common counts in *assumpsit* and in *debt* is, that in the one the word *promised* is used, and in the other it is not. If this distinction is disregarded, it will be impossible for a defendant to know from the declaration in which form of action he is sued, and consequently he cannot know how to frame his defence, as the pleading as well as the judgment in the two actions is different, and what would be a good defence, as for instance the statute of limitations of five years, if the action were *assumpsit*, would be no defence if the action were *debt*.

The judgment of the Circuit Court is reversed, and the cause remanded with leave to the appellees to amend their declaration.

*Judgment reversed.*